[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant Dr. Jacob Slepian's Motion for Summary Judgment based on his special defense of passage of the statute of limitations, Gen. Stat. § 52-584. The plaintiff commenced this lawsuit claiming medical malpractice and lack of informed consent by causing the sheriff to serve the defendant with his summons and complaint on May 19, 1994. The two year statute of limitations had been extended for an additional 90 days pursuant to statute to permit the plaintiff to obtain the necessary good faith certificate. However, the defendant takes the position that the surgery complained of took place on February 13, 1992 and the plaintiff was released from care on March 26 of that same year. The motion before the court cannot result in judgment for the defendant if the plaintiff's injury resulted from a continuous course of treatment, since treatment did not end until the twenty-sixth day of March and the defendant was served with process within the two years and three months of that date. If, however, the injury resulted from the earlier February 13, 1992 surgery and not from a subsequent continuous course of treatment ending March 26, 1992, the writ, summons and complaint were not served within the two years and three months.
 "When the injury is complete at the time of the act, the statutory period commences to run at that time. When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated. . . . The policy underlying the continuous treatment doctrine seeks to maintain the physician/patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure. . . ."
Connell v. Colwell, 214 Conn. 242, 253, 571 A.2d 116 (1990). (Emphasis added).
It is the movant's burden on a Motion for Summary Judgment in a negligence case to show that it is quite clear what the truth CT Page 2997 is. That burden has not been sustained here. Factual issues about when the injury occurred will have to be determined at time of trial by the jury.
Summary judgment is denied.
Flynn, J.